**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES L. STEPHENS,

               Plaintiff,

vs.                                       Case No.  3:05-cv-120-J-32TEM

UNITED STATES POSTAL SERVICE, et al.,

               Defendants.

_____

**ORDER**

      This case is before the Court on Plaintiff's Motion for Default (Doc. 3).  Plaintiff's motion is due to be denied because plaintiff has failed to file proof of service demonstrating that he ever served process on any of the defendants.  Although plaintiff may well have served defendants but simply failed to file proof of service, the Court will take this opportunity to explain to plaintiff some, but not all, of the procedural rules with which he must comply.[1]

      Plaintiff is advised that a <u>pro</u> <u>se</u> litigant is subject to the same law and rules of court as a litigant who is represented by counsel, including the Federal Rules of Civil Procedure and Local Rules of the Middle District of Florida.  Plaintiff may wish to obtain a copy of the Court's Local Rules which are available for review on the public website for the Middle District of Florida at <u>www.flmd.uscourts.gov</u> and may be purchased from the Clerk's Office. The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses or at the website www.flabar.org.  For additional guidance, the

---

    [1]If plaintiff *has* effected service and wishes to renew his motion for default, he must first file proof of service.  Plaintiff is further advised that the Court must apply a more stringent standard when entertaining entry of default against the United States, its employees and agencies.  <u>See</u> Fed.R.Civ.P. Rule 55(e).

Court is enclosing a Step-by-Step Guide to the filing of a civil complaint.

In following these rules, a plaintiff is responsible for notifying defendants of the commencement of the action and delivering a copy of the complaint to defendants. Rule 4 of the Federal Rules of Civil Procedure establishes the procedure required to provide a defendant with notice of an action. The first step a plaintiff must take to accomplish service of process is to "present a summons to the clerk for signature and seal." Rule 4(b). The summons must be prepared in appropriate form as described in Rule 4(a). "If the summons is in proper form," the Clerk of the Court is required to "sign, seal, and issue it to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b). The plaintiff is then responsible for effecting service of the summons and complaint on defendants and for filing proof of service with the Court.

Rule 4(m) gives a party 120 days after the filing of a complaint in which to effect service; however, Rule 4(m) also permits the Court to grant extensions of time to effect service upon good cause shown. Plaintiff's original 120 day time period has not yet expired, although it will soon. Thus, in the event plaintiff has not yet served defendants and if he believes he cannot accomplish service within the 120 day time frame, he should promptly file a motion seeking an extension. Plaintiff is further advised that Rule 4 contains many technical requirements with which he must comply. These include, but are not limited to, the requirements of Fed. R. Civ. P. 4(i) which addresses how to properly effect service upon the United States, its agencies, corporations, officers, or employees. Plaintiff is advised that failure to properly effect service upon defendants within 120 days after filing his complaint (or within any extended deadline established by the Court) may result in dismissal of his

case.

Accordingly, it is

**ORDERED**:

1.      Plaintiff's Motion for Default (Doc. 3) is **DENIED**.

2.      The Clerk is directed to mail a copy of a Step-by-Step Guide to the filing of a

civil complaint to plaintiff.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of May, 2005.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copy
with enclosure:

James L. Stephens, pro se

3