**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES L. STEPHENS,

                Plaintiff,

vs.                                      Case No.  3:05-cv-120-J-32TEM

UNITED STATES POSTAL SERVICE,
JOHN E. POTTER, Postmaster General,
THOMAS HERSCHA, Manager,

                Defendants.

_____

<u>**ORDER**</u>

      On May 2, 2005 the Court issued an Order denying plaintiff's Motion for Default because plaintiff had not provided any proof of service upon defendants.  <u>See</u> Motion, Doc. 3 and Order, Doc. 4.  Plaintiff has now filed an Amended Motion for Default (Doc. 6) to which he has attached copies of receipts from certified mail sent to defendants John E. Potter and Thomas Herscha.[1]  Federal Rule of Civil Procedure Rule 4(i) sets forth the requirements for service upon the United States, its agencies, corporations, officers and employees.  Under this rule, service upon an agency, corporation, officer or employee of the United States is effected by serving the United States attorney and the Attorney General as explained in Rule 4(i)(1)(A) and (B) in addition to meeting the other requirements of Rule 4(i)(2)(A) and/or (B).[2]

_____

[1]It appears someone in the Office of the Postmaster General signed for two deliveries of certified mail addressed to "Jack Potter, PMG" but that certified mail sent to Thomas Herscha was refused.  <u>See</u> Doc. 6 attachments.

[2]Rule 4(i)(2)(A) pertains to service upon agencies, corporations, officers and employees sued in their official capacities (who must be served by registered or certified mail in addition to service upon the United States attorney for the district and the Attorney General).  Rule 4(i)(2)(B) pertains to service upon officers and employees sued in their individual capacities

Review of the materials submitted by plaintiff fails to demonstrate that he has properly served defendants and his amended motion for default is therefore due to be denied.

As the Court previously advised plaintiff (see Order, Doc. 4), Rule 4(m) gives a party 120 days after the filing of a complaint in which to effect service; however, Rule 4(m) also permits the Court to grant extensions of time to effect service upon good cause shown. Plaintiff's original 120 day time period is about to expire (and likely will have by the time plaintiff receives a copy of this Order).  Thus, finding pro se plaintiff has been attempting to effect proper service and has therefore presented good cause for an extension, the Court will sua sponte grant plaintiff an additional 45 day window in which to file proof of properly effected service, or until **July 20, 2005**.[3]

Accordingly, it is

**ORDERED**:

1.    Plaintiff's Amended Motion for Default (Doc. 6) is **DENIED**.

2.    No later than **July 20, 2005** plaintiff shall file proof of properly effected service upon defendants.  Plaintiff is advised that failure to file proof of proper service by the July 20, 2005 deadline could result in dismissal without prejudice as to any defendant against whom proper service has not been demonstrated.

––––––––––––––––––––––

(who must be served in accordance with Rule 4(e), (f) or (g) in addition to service upon the United States attorney for the district and the Attorney General).  Following review of plaintiff's complaint and the relief sought, it is not clear in what capacity he is suing either defendant.

[3]Plaintiff must timely file a motion if he seeks any additional extensions of time in which to effect service.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of June, 2005.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copy

James L. Stephens, pro se

3