**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAMES L. STEPHENS,

          Plaintiff,

vs.                                             Case No. 3:05-cv-120-J-32TEM

U.S. POSTAL SERVICE, et al.,

          Defendants.

## **ORDER**[1]

On March 22, 2006, the Court issued an Order (Doc. 23) in this federal employment discrimination case granting defendants' amended motion to dismiss and directing plaintiff to file an amended complaint. Plaintiff filed an objection to the Court's Order, which the Court, construing the objection as a motion for reconsideration, denied on May 24, 2006 (see Order, Doc. 32). In the May 24, 2006 Order, the Court gave plaintiff specific directions regarding the filing of his amended complaint, explaining what claims he was permitted to bring pursuant to the Court's March 22, 2006 Order. Plaintiff was advised that his failure to file a complaint in conformity with the Court's directives could result in dismissal of his case. See Order, Doc. 32 at 2. Plaintiff filed his amended complaint on June 26, 2006 (Doc. 35). The Postmaster (John E. Potter) filed his answer on July 17, 2006 (Doc. 36). Also on July 17, 2006, defendants United States Postal Service and Thomas Herscha filed a Dispositive Motion to Strike and to Dismiss (Doc. 37), which motion is now before the Court. In their

---

[1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

motion, these defendants state that plaintiff's amended complaint includes claims and parties that the Court has already dismissed, it asserts claims that are unavailable, and it adds a new claim regarding a February 15, 2006 alleged episode of discrimination for which plaintiff has not yet exhausted his administrative remedies.  Plaintiff filed a response in opposition (Doc. 38) in which he claims his amended complaint conforms with Rule 8's minimal pleading standards.

The Court finds defendants' motion to strike or dismiss is due to be granted.  This Court has already ruled-- twice-- that defendant Potter is the only party against whom plaintiff can bring a Title VII action and that plaintiff cannot state an intentional tort claim arising out of the same alleged facts that support his Title VII claim.  Therefore, defendants Thomas Herscha and the United States Postal Service should not be named as defendants to this suit and any intentional tort claims are not sustainable.  Additionally, plaintiff cannot state claims for punitive damages, which are not available under Title VII (Lengen v. DOT, 903 F.2d 1464, 1468 (11th Cir. 1990)); for attorney's fees, which are unavailable to a party proceeding *pro se* (Cofield v. City of Atlanta, 648 F.2d 986, 987 (5th Cir. 1981)); or for relief under §§ 1981 and 1983, which are similarly inapplicable to the facts as alleged (Lee v. Hughes, 145 F.3d 1272, 1277 & n.5 (11th Cir. 1998); Nelson v. Barden, 145 Fed.Appx. 303 n.1 (11th Cir. Aug. 10, 2005)).  Finally, plaintiff cannot include a claim regarding an incident that occurred in February of 2006 for which he has not alleged that he has exhausted his administrative remedies.  Brown v. GSA, 425 U.S. 820, 831-32 (1976).  Rather than require plaintiff to file a further amended pleading, the Court will simply strike these allegations and claims and permit defendant Potter's answer to stand as filed.

Accordingly, it is hereby

**ORDERED**:

1. Defendants United States Postal Service and Thomas Herscha's Motion to Strike and to Dismiss (Doc. 37) is **GRANTED** to the extent that both these parties are dismissed from this action; and is further **GRANTED** to the extent that any claims for punitive damages, intentional torts, attorney's fees, relief under §§ 1981 and 1983 or for relief based on alleged discrimination that occurred on or about February 15, 2006 are **STRICKEN**.

2. The parties should continue to abide by the conditions and terms set forth by the Court's May 16, 2006 Case Management and Scheduling Order (Doc. 30).

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of September, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

*pro se* plaintiff
counsel of record